# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Plumbers & Pipe Fitters, Local 23, et al., | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | |
| v. | ) | Case No: 15 C 50306 |
| | ) | |
| Kelsey Excavating, Inc., et al., | ) | |
| | ) | |
| *Defendants*. | ) | Judge Frederick J. Kapala |

## ORDER

Defendants' motion to dismiss [28] is granted in part and denied in part. Counts II through IV are dismissed as to Kelsey Mechanical and it is terminated from this case. Counts III and IV are dismissed in their entirety.

## STATEMENT

Plaintiffs, Plumbers & Pipe Fitters, Local 23, U.A. ("Union"); Rockford Pipe Trades Industry Pension Fund; Plumbers & Pipe Fitters, Local 23, U.A. Health & Welfare Fund; Plumbers & Pipe Fitters, Local 23, U.A. Journeyman and Apprentice Training Fund; Piping Industry Council of the Rockford Area ("PICRA"); and Rockford Pipe Trades Labor Management Cooperative Council ("RPT-LMCC"), have filed a first amended complaint against defendants, Kelsey Excavating, Inc. ("Kelsey Excavating") and Kelsey Mechanical, Inc. ("Kelsey Mechanical"), to enforce an arbitration award entered against Kelsey Excavating. Currently before the court is defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) in which they contend that plaintiffs have failed to state a claim on which relief can be granted. For the reasons that follow, the motion to dismiss is granted in part and denied in part.

### I. BACKGROUND

In the original complaint filed in this case, plaintiffs sought to enforce an October 2, 2015 arbitration award finding that Kelsey Excavating violated the Labor Agreement between the Union and PICRA, effective June 1, 2014 through May 31, 2017. Plaintiffs alleged that Kelsey Excavating was bound by the Labor Agreement because it had singed off on a September 12, 2001 Memorandum Agreement between the Union and three former trade associations, as well as the trade associations' successors and assigns. In its previous order dismissing the complaint without prejudice to refiling, this court determined that there were no plausible allegations that PICRA was the successor to the three former trade associations.

In their first amended complaint, plaintiffs have added Kelsey Mechanical as a defendant. It is alleged that Kelsey Mechanical was incorporated in March 2010 and dissolved in August 2011,

and had agreed to be bound by the terms of the Labor Agreement through its execution of an April 13, 2010 Subscription Agreement. The first amended complaint also now includes the following allegations:

> 8. PICRA is an employer association with its principal place of business located in Rockford, Illinois and is the successor to the Rockford Association of Plumbing, Heating and Cooling Contractors, Inc., the Mechanical Contractors- Rockford Association, and the Northern Illinois Refrigeration Air Conditioning Contractors Association, Inc. (hereinafter referred to as the "Predecessor Associations").
>
> 9. As the successor to the Predecessor Associations, PICRA assumed the obligations of the Agreements entered into by the Predecessor Associations.
>
> . . . .
>
> 12. KELSEY EXCAVATING is an employer engaged in an industry affecting commerce which agreed to be bound by the terms of the Labor Agreement between the UNION and the Predecessor Associations via the terms of the September 12, 2001 Memorandum of Agreement. Because PICRA assumed all agreements of the Predecessor Associations, KELSEY EXCAVATING became bound by the Labor Agreement between the UNION and PICRA.

In Count I of the first amended complaint, plaintiffs seek, among other relief, enforcement of the arbitration award against Kelsey Excavating. In Counts II-IV, plaintiffs seek the same relief against Kelsey Excavating and Kelsey Mechanical jointly and severally alleging respectively that Kelsey Excavating is the alter ego of Kelsey Mechanical, that Kelsey Mechanical and Kelsey Excavating are a "single employer," and that Kelsey Excavating is currently operating as the successor of Kelsey Mechanical.

## II. ANALYSIS

When deciding a defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court accepts all of the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences in favor of the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To state a claim under the Federal Rules, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Defendants contend that there are insufficient facts in Count I to adequately allege that Kelsey Excavating is bound by the Labor Agreement because plaintiffs have yet to plausibly allege that PICRA is the successor of the three associations. Defendants argue that plaintiffs have merely stated the legal conclusion that PICRA is the successor, without pleading any facts to support that allegation. The court disagrees.

While PICRA's status as the successor of the three associations is ultimately a legal conclusion, see Dunhill Asset Servs. III, LLC v. Tinberg, No. 09 C 5634, 2012 WL 3028334, at *4 (N.D. Ill. July 23, 2012) (citing Sullivan v. Dollar Tree Stores, Inc., 623 F.3d 770, 777 (9th Cir.

2010)), plaintiffs have pleaded more than that bare conclusion. In particular, plaintiffs have alleged that "[a]s the successor to the Predecessor Associations, PICRA assumed the obligations of the Agreements entered into by the Predecessor Associations." Until shown otherwise, the court must assume that the factual allegation that PICRA assumed the legal obligations of the predecessor associations has evidentiary support and has been made by plaintiffs' counsel in good faith. See Fed. R. Civ. P. 11(b)(3) ("By presenting to the court a pleading . . .an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."). Moreover, it is plausible that PICRA succeeded the predecessor associations because the Memorandum Agreement and the Labor Agreement show that PICRA serves the same purpose as the predecessor associations, that is, to act as the collective bargaining agent of the plumbing, heating, cooling, and refrigeration contractors conducting business within the trade jurisdiction of the Union. For these reasons, defendants' motion to dismiss Count I for failure to state a claim is denied.

Next, defendants contend that Kelsey Mechanical was dissolved prior to the accrual of the claims set forth in Counts II-IV and, consequently, those counts do not state a claim against Kelsey Mechanical. In particular, defendants argue that plaintiffs have pleaded that Kelsey Mechanical dissolved and ceased operating on April 14, 2011, while plaintiffs' claim accrued in July 2015 when work that should have been performed by members of the Union commenced. In support of their argument, defendants cite the survival provision of the Illinois Business Corporation Act, 805 ILCS 5/12.80, and Pielet v. Pielet, 2012 IL 112064, ¶ 38 ("Under settled Illinois law, a liability must have accrued prior to a corporation's dissolution before the survival provisions of the statute can be invoked.").

When Pielet was decided, the pertinent part of § 12.80 provided:

> The dissolution of a corporation . . . shall not take away nor impair any civil remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within five years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name.

Pielet, at ¶ 31 (citing 805 ILCS 5/12.80 (West 2006)). Section 12.80 now reads differently:

> The dissolution of a corporation . . . shall not take away nor impair any civil remedy available to or against such corporation, its directors, or shareholders, for any right or claim existing, or any liability accrued or incurred, either prior to, at the time of, or after such dissolution if action or other proceeding thereon is commenced within five years after the date of such dissolution. Any such action or proceeding by or against the corporation may be prosecuted or defended by the corporation in its corporate name.

805 ILCS 5/12.80. Defendants highlight that the pertinent "at the time of, or after such dissolution" language was added by Public Act 98-776 and became effective January 1, 2015, and therefore

3

cannot be applied retroactively because Kelsey Mechanical had already been dissolved before the amendment. Citing Sepmeyer v. Holman, 162 Ill. 2d 249, 254 (1994), defendants argue that when Kelsey Mechanical was dissolved in 2011, a claim accruing post-dissolution could not have been brought against it and, therefore, the amendment of § 12.80 effective January 1, 2015, cannot retroactively revive such a claim.

The court agrees with defendants. At the time of its dissolution on August 14, 2011, no claim accruing post-dissolution could have been brought against Kelsey Mechanical. Four years later when plaintiffs' claim against Kelsey Excavating accrued the law had been changed to allow such a claim. This is precisely the improper legislative revival of a claim that Illinois law has long prohibited. See Sepmeyer, 162 Ill. 2d at 254 ("Our cases have been uniform in holding that the legislature lacks the power to reach back and breathe life into a time-barred claim. This line of cases began 100 years ago."). Moreover, it is not clear what good a judgment against the long-dissolved Kelsey Mechanical would do plaintiffs. For these reasons, Counts II through IV are dismissed as to Kelsey Mechanical. Since these are the only claims brought against Kelsey Mechanical it is terminated as a defendant in this case.

Defendants next contend that plaintiffs have failed to allege facts in Count II sufficient to state a claim under an alter ego theory. In particular, defendants argue that plaintiffs have not pleaded that adherence to separate corporate existence would sanction a fraud or promote injustice. See Wachovia Sec., LLC v. Banco Panamericano, Inc., 674 F.3d 743, 751-52 (7th Cir. 2012) (stating that the elements of an alter ego theory are (1) a unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist, and (2) circumstances such that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice).

Plaintiffs have alleged that Kelsey Excavating is operating as the alter ego of Kelsey Mechanical and is therefore bound by the terms of the April 13, 2010 Subscription Agreement and the Labor Agreement between the Union and PICRA. The alleged fraud or injustice is avoiding the obligations under the Labor Agreement by operating as the potentially unbound Kelsey Excavating. See Laborers' Pension Fund v. Green Demolition Contractors, Inc., No. 15 C 5633, 2016 WL 74682, at *3 (N.D. Ill. Jan. 7, 2016) (concluding that very similar allegations were sufficient to allow the plaintiffs to proceed to discovery on their alter ego claim). Defendants argue that it would be disingenuous for plaintiffs to contend on the one hand that Kelsey Excavating is bound by the Labor Agreement through its signing of the Memorandum Agreement while simultaneously arguing that Kelsey Mechanical was formed and then dissolved in order to allow Kelsey Excavating to evade obligations under the Labor Agreement. However, plaintiffs are permitted to plead alternative theories of recovery. See Fed. R. Civ. P. 8(d). Thus, defendants' motion is denied as to Count II.

Defendants further contend that plaintiffs have failed to allege facts in Count III sufficient to state a claim for single employer liability, because at the time of the alleged liability only Kelsey Excavating, and not Kelsey Mechanical, was in existence. In this case, it is plead that defendants coexisted from March 23, 2010 to April 14, 2011, at which time Kelsey Mechanical was dissolved. The alleged failure to employ union members on the project and to make the required contributions began four years later in July 2015.

The court agrees that plaintiffs have plead themselves out of court on their single employer

theory of liability alleged in Count III. "The single employer doctrine, in contrast to the successorship and alter ego doctrines, is used to determine whether <u>two</u> <u>presently</u> <u>existing</u> <u>entities</u> are in fact so related that they should be treated as one employer for purposes of collective bargaining." <u>Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Centor Contractors, Inc.</u>, 831 F.2d 1309, 1313 n.2 (7th Cir. 1987). Plaintiffs have specifically pleaded that Kelsey Excavating and Kelsey Mechanical were not simultaneously operating in July 2015. Therefore, defendants' motion is granted as to Count III.

Defendants' last contention is that plaintiffs have failed to allege facts in Count IV sufficient to state a claim for successor liability. Where one company sells its assets to another company liability may be imposed upon the successor "when (1) the successor had notice of the claim before the acquisition; and (2) there was substantial continuity in the operation of the business before and after the sale." <u>Tsareff v. ManWeb Servs., Inc.</u>, 794 F.3d 841, 845 (7th Cir. 2015). Plaintiffs make an effort to argue that they have pleaded notice and continuity of operation, but do not even attempt to argue that they have plead any acquisition by Kelsey Excavating of Kelsey Mechanical. Thus, defendants' motion to dismiss Count IV is granted.

### III. CONCLUSION

For the foregoing reasons, Counts II through IV are dismissed as to Kelsey Mechanical and it is terminated from this case. Counts III and IV are dismissed in their entirety.

Date: 2/3/2017

ENTER:

_____
FREDERICK J. KAPALA

District Judge